IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TIMOTHY MORTON                                                                          PLAINTIFF

V.                                                                    CAUSE NO.: 1:12CV028-SA-DAS

COOPER TIRE & RUBBER COMPANY                                                  DEFENDANT

ORDER ON MOTION FOR JUDGMENT AS A MATTER OF LAW

The trial of this case was held July 15, 2013. The jury returned a defense verdict on July 17, 2013, finding that Plaintiff failed to prove by a preponderance of the evidence "that Cooper Tire constructively discharged Timothy Morton in violation of the Americans with Disabilities Act[.]" Plaintiff has now filed a Motion for Judgment as a Matter of Law, or Alternatively, for a New Trial [70]. Having reviewed the arguments, responses, rules, authorities, and transcripts from the trial of this matter, the motion is DENIED.

*Legal Standards*

Plaintiff moves the Court for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. Plaintiff moved for a judgment as a matter of law at the close of his own case-in-chief, as well as at the close of Defendant's case pursuant to that same rule.

"A motion for judgment as a matter of law . . . in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." Allstate Ins. Co. v. Receivable Finance Co., L.L.C., 501 F.3d 398, 405 (5th Cir. 2007) (citing Hiltgen v. Sumrall, 47 F.3d 695, 699 (5th Cir. 1995)). A motion for judgment as a matter of law should be granted if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a)(1); see also Kaczkowski v. Dovan, 504 F. App'x 305, 2012 U.S. App. LEXIS 26295, 2012 WL 6643284 (5th Cir. Dec. 21, 2012). Jury

verdicts are afforded great deference, and "[a] post-judgment motion for judgment as a matter of law should only be granted when 'the facts and inferences point so strongly in favor of the movant that a rational jury could not reach a contrary verdict.'" Pineda v. United Parcel Serv., Inc., 360 F.3d 483, 486 (5th Cir. 2004) (quoting Waymire v. Harris County, Texas, 86 F.3d 424, 427 (5th Cir. 1996)).

In the alternative, Plaintiff requests a new trial. Rule 59 governs the standard for granting a new trial and states in part as follows:

> The court may, on motion, grant a new trial on all or some of the issues—and to any party— . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; . . . .

FED. R. CIV. P. 59(a)(1)(A). "A new trial may be appropriate if the verdict is against the weight of the evidence, the amount awarded is excessive, or the trial was unfair or marred by prejudicial error." Scott v. Monsanto Co., 868 F.2d 786, 789 (5th Cir. 1989) (citing Smith v. Transworld Drilling Co., 773 F.2d 610, 613 (5th Cir. 1985)). When a motion for new trial is based upon errors committed during the trial, the standard requires the movant to prove that the erroneous rulings complained of substantially prejudiced the movant. Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C., 2012 U.S. Dist. LEXIS 79831, 2012 WL 2065531 (E.D. Tex. June 7, 2012) (citing Cruthirds v. RCI, 624 F.2d 632, 635 (5th Cir. 1980)).

"If the new trial is granted on evidentiary grounds, the jury's verdict must be 'against the great—not merely the greater—weight of the evidence.'" Scott, 868 F.2d at 789 (quoting Conway v. Chem. Leaman Tank Lines, Inc., 610 F.2d 360, 362 (5th Cir. 1980)). If asserted prejudice is the basis of the motion, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking new trial." Sibley v. Lemaire, 184

F.3d 481, 487 (5th Cir. 1999) (quoting Del Rio Distributing, Inc. v. Adolph Coors Co., 589 F.2d 176, 179, n.3 (5th Cir. 1979)).

*Discussion and Analysis*

Plaintiff contends that (1) the jury's finding that proposed accommodations were not reasonable was against the overwhelming weight of the evidence; (2) Defendant failed to meet the burden of proving an undue hardship; (3) the Court erred in refusing to give instruction P-13.

The ADA prohibits discrimination of the basis of an employee's disability. 42 U.S.C. § 12112(a).[1] The ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability in regard to job application procedures . . . discharge of employees, . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To prevail on his disability discrimination ADA claim, it must be established by a preponderance of the evidence that (1) Plaintiff has a disability; (2) he is qualified for the position in which he was employed; and (3) he was discriminated against because of his disability. Griffin v. UPS, 661 F.3d 216, 222 (5th Cir. 2011); Jenkins v. Cleco Power, LLC, 487 F.3d 309, 315 (5th Cir. 2007).

"[Under the ADA,] it is the employee's burden to prove that he is a qualified individual with a disability . . . ." Rizzo v. Children's World Learning Ctrs., Inc., 213 F.3d 209, 218 (5th Cir. 2000). A "qualified individual" is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A plaintiff must show either that "(1) he could perform the essential functions of the job in spite of his disability, or (2) that a reasonable accommodation of his disability would have enabled him to perform the essential functions of the job." Burch v.

---

[1] Morton conceded his claims for reasonable accommodation discrimination and proceeded on his disability discrimination claim upon sending the case to the jury.

City of Nacogdoches, 174 F.3d 615, 619 (5th Cir. 1999); see Appel v. Inspire Pharms., Inc., 428 F. App'x 279, 284 (5th Cir. 2011) ("An employee who cannot perform essential job requirements, even with accommodation, is not a qualified person with a disability.").

There was much testimony at trial regarding alleged requests for accommodation, i.e., breaks, and whether the performance of the Twin Two Calendar windup was an essential function of the utility position. The proof at trial showed that when Morton requested a break, he was given a break. Testimony established that Morton was never able to fully function in the Twin Two Calendar windup position on his own despite working in that capacity for six weeks. Morton also testified that taking several thirty-minute breaks during his twelve hour shift was not reasonable.[2] Accordingly, the proof born at trial showed that Morton was accommodated to the extent requested and was unable to function in the position. Therefore, he failed to prove that a reasonable accommodation existed that would allow him to perform the essential functions of the job. Because Cooper Tire did not rely on the affirmative defense of undue hardship, the Court did not err in failing to instruct the jury on that affirmative defense.

*Conclusion*

After reviewing the transcript and arguments of counsel, the Court affirms the jury verdict in this case. Pursuant to Federal Rule of Civil Procedure 50(b), the Court allows the judgment on the verdict to stand. FED. R. CIV. P. 50(b)(1). The Motion for Judgment as a Matter of Law, or Alternatively, a New Trial [70] is DENIED.

---

[2] On cross-examination, the following exchanged occurred:
> Q: . . . You agree, don't you, that it would not have been reasonable for you to take 30-minute breaks on each 12-hour shift?
> A: Right.
> Q: Because another utility would have to come break you out or the machine would have to be shut down?
> A: Yes, ma'am.
> Q: And you agree that would just - - I know you disagree that you ever asked for that, but if you agree that would not have been reasonable?
> A: That's unreasonable.

SO ORDERED, this the 18th day of March, 2014.

                                                   **/s/ Sharion Aycock**
                                                   **U.S. DISTRICT JUDGE**